IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 15-cr-00211-RBJ

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. JOEL EFREN RUELAS-AVILA,
    a/k/a "Efren,"
2. JOSE LUIS RUELAS-TORRES,
3. MARIA DE JESUS ESPINOZA-RODRIGUEZ,
    a/k/a "Maria,"
4. BETITO LAST NAME UNKNOWN,
5. JOSE CARLOS BARRAZA-ACEVES,
    a/k/a "Luis 2525,"
6. HECTOR LIBRADO RIVERA-SANDOVAL,
7. LEO DELFIN,
8. PEDRO ARMANDO GUTIERREZ-NUNEZ,
    a/k/a "Carlos 4109,"
9. RAUL ESTRADA-CASTILLO,
    a/k/a "Javier Rios,"
    a/k/a "Irvin,"
    a/k/a "Ramon,"
10. IVAN HARO-PEREZ,
    a/k/a "Ivan,"
11. JOSE VIDAL LEON-PENUELAS,
    a/k/a "Vidal,"
**12. CARLOS ALBERTO PEREZ-GARCIA,**
13. PABEL ERBEY BERNAL-LOPEZ,
**14. YAJAHIRA MELISSA LOPEZ-CALIDONIO,**
    **a/k/a "Melissa**,"
15. LIGIA LOPEZ-PEREZ,
**16. NELI YANIRA CALIDONIO-MEZA,**
    **a/k/a "Neli," and**
17. MARTIN RODRIGUEZ-SANCHEZ

    Defendants.

1

_____

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER (DOCKET #81)**
_____

THE COURT, having reviewed the Government's Motion for a Protective Order in this case filed at ECF No. 81 and finding that there is good cause contained therein, hereby ORDERS as follows.

   a. Audio files containing wiretap information generated during the investigation and disclosed by the government shall not be duplicated or distributed except for use in official court proceedings and for duplication and delivery to the detention centers, as set forth below.

   b. All Jencks material, all witness statements and reports of witness statements or debriefings (both written and recorded on audio and video), photographs depicting persons, documents with personal identifying information of individuals such as addresses, dates of birth, social security numbers, and any NCIC/CCIC or similar records, and reports or statements of witnesses, furnished to the defense by the Government in this case, provided pursuant to Jencks, Rule 26.2 or Rule 16, shall be used only for official purposes related to any and all judicial proceedings in this case and for no other purpose.

   c. All documents provided by the Government containing personal identifying information shall be handled in accordance with Rule 49.1. If redaction is not possible in the view of a party, the parties may request the Court to determine this issue.

   d. With respect to defendants detained pending trial pursuant to Title 18 U.S.C. Section 3142 or 3145, the parties are ordered to coordinate with either the U.S. Marshal Service or the appropriate authority at the detention facility to ensure the reasonable availability of the pretrial discovery material, by use of read-only computers, under the custody and control of the warden, sheriff, superintendent or official in charge of the facility where the defendant is being detained before trial. Such facilities must <u>not</u> allow a defendant to e-mail, print, or duplicate the material.  All materials shall remain in the physical custody and control of officials permitting a defendant to review material on a judicially provisioned computer in relation to this case as described above.

   e. With respect to defendants on bond, the material may be reviewed under supervision of the defense attorneys who have entered their appearance in this case, their associates, and the confidential employees or assistants working with such defense attorneys.  The material shall not be entrusted to the care and custody of the

    defendant without such supervision. Defendants on bond are not to e-mail, print, or duplicate the material.

f. The material provided to the detention facilities shall be the same as the un-redacted set of discs provided to defense counsel, unless the Government prepares a separate version for detained defendants and provides counsel with a list of excluded pages by bates stamp number or document control number. Any material excluded from the discs provided to the detention facilities may be reviewed in person by defendants and defense counsel during attorney client detention facility visits, using the attorney's computer.

g. With the exception of copies prepared by counsel of record or their staff for official use in relation to this case, unless the attorneys for the defense and the Government come to a specific understanding to the contrary, the Jencks Act material, and above-specified Rule 26.2 and Rule 16 written and electronically recorded material disclosed to the defense shall not be copied, reproduced, published or publicly circulated by the defense without further order of Court or until such material is used in judicial proceedings at time of trial or in official hearings or proceedings related to this case.

h. In the event the defense and the Government agree that certain materials or documents should be exempted from the limits otherwise imposed by this Order, they may exempt such material by mutual agreement. Conversely, if the parties cannot agree on reaction as an appropriate remedy for some of the material, they will seek a ruling by the court. Similarly, in the event the defense and the Government disagree or are unclear about the meaning or application of this Order with respect to some document, digital file, photograph, or other material in the case, the parties may bring the issue to the attention of the Court.

i. At the conclusion of the case, the defense may either retain discovered material, with the exception of grand jury transcripts [see Colo.R.Prof.Conduct 1.15D(3) and 1.16A, regarding file retention], or return the discovery to the government for destruction.

SO ORDERED THIS 22nd Day of June, 2015

*Brooke Jackson*

_____
Judge R. Brooke Jackson
United States District Court Judge
District of Colorado